# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ESLER C. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:09-CV-189 JVB |
| v. | ) |
| | ) |
| JAMES CHANNING BROWN, BRIAN C. | ) |
| HECK, SUSAN LORRAINE FIRESTONE, | ) |
| MATTHEW J. ELLIOTT, PAUL W. O'MALLEY, | ) |
| BECKMAN LAWSON, TODD BROWN, | ) |
| GERARD MUEGERL, CINDY RALPH, JIM | ) |
| LABEAU, BRIAN FUNNELL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

**A. Introduction**

Pro se Plaintiff Esler C. Walker has filed several claims against a long list of Defendants. Plaintiff's complaints arise from a dispute over his ownership of a U.S. Patent for a pallet-carrying trailer. Plaintiff's claims include breach of agreement, patent infringement, trademark infringement, and RICO. Defendants counter that Plaintiff has failed to state a claim for which relief can be granted. Plaintiff has also filed a separate motion for summary judgment.

**B. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court

must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007)*,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus,*127 S.Ct. 2197 (2007)[1] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th Cir 2007).

---

[1] *Erickson* was decided two weeks after *Bell Atlantic*.

## C. Facts

Plaintiff is the inventor and patent owner of U.S. Patent No. 5,584,634, a pallet trailer that enables owners to lift loads. (DE 3 at 3.) The precise series of events is unclear, and sometimes contradictory in Plaintiff's Complaint, but at some point he and Defendant J.C. Brown were engaged in negotiations regarding the use and sale of Plaintiff's invention. (*Id.*) The partnership or attempted partnership subsequently dissolved, perhaps due to a monetary dispute. (*Id.* at 5.) Plaintiff claims that, afterward, Defendants reverse-engineered his invention, then began selling the "cheap clones" on a pair of Web sites. (*Id.*) Apparently, Defendants also patented the "clones" under U.S. Patents 7,534,084 and 7,326,022. As best as the Court can figure out from Plaintiff's murky recitation of the facts, according to Plaintiff these patents were obtained unlawfully because Defendant reverse-engineered the design of Plaintiff's invention without permission. (*Id.* at 13-14.)

## D. Analysis

Defendants argue that Plaintiff's Complaint does not contain a "short and plain statement of the claim," as required by Federal Rule of Civil Procedure 8(a)(2). (DE 17 at 3.) That being the case, Defendants argue that they are unable to decipher a "cognizable claim" that would allow them to mount a defense. (*Id.* at 4.) Hence, Defendants say that Plaintiff's Complaint must be dismissed for failure to state a claim for which relief can be granted.

3

**(1)** *Claims Against Creative Building Products, Todd Brown, Cindy Ralph, and Jim Labeau*

Defendants Creative Building Products, Todd Brown, Cindy Ralph, and Jim Labeau are not named in any of the six counts of Plaintiff's Complaint. In fact, those four Defendants are named only under the heading, "Theory of the case." That portion of the Complaint reads as follows:

> The Plaintiff, Esler C. Walker Jr., pro se, for their Complaint against James Channing Brown, Creative Building Products, Brian Funnell, Beckman Lawson, Todd Brown, PRO-PALLET Company, AMAZE-N-TOW, LLC., Jim Labeau, Cindy Ralph, Spirit of America Corporation, Susan Lorraine Firestone, Gerard Muegerl, Paul W. O'Malley, Brian C. Heck, Matthew J. Elliot.

(DE 3 at 2.) Plaintiff, as pertains to these Defendants, does not make sufficient factual allegations to raise the right to relief above a speculative level and provide adequate notice of the Plaintiff's right to relief. *See Bell Atlantic Corp.*, 550 U.S. 544, 545 (2007). Although courts liberally construe a pro se litigant's complaint, the complaint must be understandable and state a claim that can withstand dismissal under Rule 12(b)(6). *Hudson*, 148 F.3d at 864 (7th Cir. 1998). In addition, as to these Defendants, Plaintiff's Complaint does not satisfy Rule 8(a)(2), which requires that a complaint contain a short and plain statement showing plaintiff's entitlement to relief.

**(2)** *Claims Against Brian C. Heck, Matthew J. Elliott, and Beckman Lawson, LLP*

Plaintiff's references to Brian C. Heck, Matthew J. Elliott, and Berkman Lawson, LLP, do not amount to a claim against them. In addition to mentioning these three Defendants in the "Theory of the case" portion of the Complaint, Plaintiff makes the following references to these Defendants:

4

Walker has repeatedly directed Brown by certified mail to, Heck to not offer [U.S. Patent No. 5,584,634] Walker's patented items on the latter's illegal web site [**Error! Hyperlink reference not valid.**] and [**Error! Hyperlink reference not valid.**] other contact means. Walker does NOT authorize Channing Brown, Brian C. Heck, Matthew J. Elliott or anyone else associated with Brown to offer Walker's patented, pallet lifting trailers to anyone.

Brown and Heck produced recently a **new** document after 18 months of spurious litigation, claiming that the Walkers (husband, Esler and wife, Angie) allegedly signed over both the patent and the trademark to Brown in 2004 for a total of $10,000.00.

The following theory of damages is proposed: Under authority of 18 U.S.C. Section Building Products by and through James Channing Brown, committed or aided and abetted two or more predicate acts of mail fraud, identity theft, or title fraud resulting in defrauding Esler C. Walker, Jr. and other similarly situated of property and business interests including lost opportunities or lost chances justly requires ordering James Channing Brown, Brian C. Heck, Susan Lorraine Firestone, Matthew J. Elliott, Paul W. O'Malley and Beckman Lawson to compensate all parties in a sum not less than three times the collective sums of property and losses to business.

Plaintiff's Complaint does not give Brian C. Heck, Matthew J. Elliott, or Beckman Lawson any indication of the nature of the action being brought against them.

**(3)** *Count 1: Breach of Agreement*

Plaintiff alleges that Defendant Brown offered to purchase a patent and trademark from Plaintiff. However, Plaintiff does not allege acceptance of these offers. (DE 3 at 5.) In fact, in Count 3, Plaintiff states that he did not sign any document assigning the patent in question to J.C. Brown (*Id.* at 12), and in Count 4, Plaintiff's allegations are based on his argument that he did not give J.C. Brown permission to use the trademarks for Amaze-N-Tow and ANT. (*Id.* at 13-14.) As a result, Plaintiff fails to allege that a binding agreement existed between him and Defendant Brown.

5

**(4)** *Counts 2, 3, and 4: Patent Infringement*

Count 2 of Plaintiff's Complaint consists of a list of thirty-six entries similar to the following:

> **Patent Infringement** Amity Self Storage Inc. 1100 Ben Franklin Hwy Douglassville, PA .19518 Violation under 18 USC sec. 511 CRIMES AND CRIMINAL PROCEDURE Chapter 25 COUNTERFEITING AND FORGERY of 49 CFR Part 565 Vehicle Identification Number (VIN) Plant Location & WMI

(DE 3 at 6.) These entries do not contain factual allegations or give Defendants any idea of Plaintiff's claim. As a result, it would be impossible for Defendants to answer and respond to Count 2 of the Complaint.

In Count 3 and Count 4 of the Complaint, Plaintiff raises allegations of patent infringement against J.C. Brown, Susan Firestone, Paul O'Malley, Brian Funnell, Amaze-N-Tow, LLC, and Pro-Pallet Company. To the extent he claims that patent number 7,534,084 and patent number 7,346,002 infringe on patent number 5,584,639, Defendant has failed to allege that he suffered any injury. In a patent infringement case, a plaintiff must point to an injury traceable to the defendant's conduct - an injury beyond merely the generalized fear of the patent holder. *Prasco, LLC v. Medics Pharm.l Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). Defendants argue that Plaintiff's muddled recounting of the facts do not amount to a clear, plain statement of the facts as required by the Federal Rules of Civil Procedure, and that the Complaint is ". . . too long, too convoluted, and too confusing to require Defendants to respond." (DE 14 at 4, quoting *Rogler v. U.S. Dep't of Health and Human Servs.*, 620 F.Supp.2d 123 (D.D.C. 2009).) However, because Plaintiff fails to state an injury in his Complaint, it is unnecessary for the Court to even attempt to decipher whether Plaintiff's Complaint otherwise is clear and plain.

**(5)** *Count 5: Trademark Infringement*

While Count 5 is entitled "Trademark Infringement," Plaintiff is actually attempting to establish that Defendant J.C. Brown obtained the registration for the trademarks Amaze-N-Tow and ANT via fraud. Allegations of trademark fraud must be stated with particularity. *Oreck Corp. v. Thomson Consumer Elec., Inc.*, 796 F.Supp. 1152, 1159 (S.D. Ind. 1992). The pleadings must contain an explicit rather than an implied expression of the circumstances constituting fraud. *Id.* To establish fraud in the procurement of a trademark registration, a plaintiff must plead and prove: "(1) the false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refraining from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance." *San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 472 (10th Cir. 1988). Plaintiff has failed to plead all of the elements of fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**(6)** *Count 6: RICO*

To state a viable RICO claim, the plaintiff must allege sufficient facts to show "(1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995).

Plaintiff's complaint does not satisfy any elements of a viable RICO claim, and his allegations are not set forth with the requisite specificity required by Rule 9(b). First, the

Complaint fails to allege that there was "conduct of an enterprise," which is required for a RICO claim. To have conducted or participated in an enterprise's affairs under the RICO statute, the person charged must have participated in the operation or management of the enterprise itself - that is, he must have had some part in the directing of the enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). When a plaintiff fails to articulate that a defendant asserted control over the alleged enterprise, dismissal of his RICO claim is appropriate. *See Slaney v. Int'l Amateur Athletic Found.*, 244 F.3d 580, 598 (7th Cir. 2001)..

Second, to satisfy the "enterprise" element of a RICO claim, the plaintiff needs to allege some type of organizational structure. *See Stachon v. United Consumers Club, Inc.*, 299 F.3d 673, 675 (7th Cir. 2000). A RICO enterprise must have "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making." *Id.* "There must be an organization with a structure and goals separate from the predicate acts themselves." *Id.*

Plaintiff's complaint also fails to meet the last two elements of a RICO claim. To state a viable RICO claim, the plaintiff must allege sufficient facts to show that the defendants committed at least two predicate acts of racketeering, as set forth in 18 U.S.C. § 1961(1), within a ten-year period. See 18 U.S.C. § 1961(5); *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996). The plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 779 (7th Cir. 1994). The predicate acts need to be "committed somewhat closely in time to one another, involve the same victim, or involve the

same type of misconduct." *Id.* In addition, the plaintiff must show that the related predicate acts occurred over a substantial period of time.

Plaintiff does not set forth any facts to show how the alleged predicate acts are related or that they pose a threat of continued activity, let alone continued criminal activity as defined 18 U.S.C. § 1961(1). He does not state when the alleged predicate acts occurred. He fails to show that the alleged acts were committed somewhat closely in time to one another, involve the same victim, or involve the same type of misconduct. He does not allege any facts that would even come close to supporting a claim that these defendants engaged in a pattern of racketeering activity. As a result, his complaint cannot meet the third and fourth elements required for a RICO claim.

**E. Conclusion**

The Court grants Defendants' Motions to Dismiss (DE 13, 16). The Court denies Plaintiff's Motion to Strike (DE 19) and Plaintiff's Motion for Summary Judgment (DE 21).

The Court dismisses Plaintiff's Complaint for failure to state a claim for which relief can be granted.

SO ORDERED on September 14, 2010.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE